# EXHIBIT A

Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiff, Roy LaMont Carter

| | |
|---|---|
| ROY LAMONT CARTER,<br><br>Plaintiff<br><br>vs.<br><br>NJ DEPARTMENT OF CORRECTIONS, OFFICER H. WALKER, OFFICER E. RICHARDSON and JOHN/JANE DOES 1-10,<br><br>Defendants | Superior Court of New Jersey<br>Law Division: Middlesex County<br><br>Docket No. MID-L-<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

ROY LAMONT CARTER, residing at 168 Frontage Road, in the City of Newark, County of Essex, and State of New Jersey, by way of complaint against the above-named defendants, alleges as follows:

COUNT I

42 U.S.C. SECTION 1983 CLAIM AND NJCRA CLAIM FOR EXCESSIVE FORCE AGAINST INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES

1. Plaintiff, ROY LAMONT CARTER, is an adult individual, who was a convicted prison inmate, currently incarcerated at Northern State Prison, 168 Frontage Road, in the City of Newark, County of Essex, and State of New Jersey.

2. Defendant, NJ DEPARTMENT OF CORRECTIONS, is a public entity, which has a principal address at Stuyvesant Avenue & Whittlesey Road, Trenton, County of Mercer, and State of New Jersey.
3. Defendant, OFFICER H. WALKER, is an individual, who is an employee of Defendant, NJ DEPARTMENT OF CORRECTIONS, which has a principal address at Stuyvesant Avenue & Whittlesey Road, Trenton, County of Mercer, and State of New Jersey.
4. Defendant, OFFICER E. RICHARDSON, is an individual, who is an employee of Defendant, NJ DEPARTMENT OF CORRECTIONS, which has a principal address at Stuyvesant Avenue & Whittlesey Road, Trenton, County of Mercer, and State of New Jersey.
5. On or about May 22, 2024 and thereafter, Plaintiff, ROY LAMONT CARTER, was an inmate at Eastern State Prison, with an address of 1100 Woodbridge Road, in the Township of Woodbridge, County of Middlesex and State of New Jersey.
6. Defendant, OFFICER H. WALKER, acted under color of state law.
7. Defendant, OFFICER E. RICHARDSON, acted under color of state law.
8. On or about May 22, 2024 at 6:45 A.M., Plaintiff, ROY LAMONT CARTER, was a visitor to the prison infirmary lab by permission of prison authorities.
9. At the aforesaid time and place, Defendant, OFFICER H. WALKER, was assigned to a post in the prison infirmary in the course of his duties.
10. At the aforesaid time and place, Defendant, OFFCER E. RICHARDSON, was assigned to a post in the prison infirmary in the course of his duties.
11. Plaintiff completed his visit to the infirmary lab and proceeded to leave the infirmary.

12. At the aforesaid time and place, Defendant, OFFICER H. WALKER, was stationed at or near the infirmary exit door.

13. At his post at or near the infirmary exit door, Defendant, OFFICER H. WALKER, had a ministerial function – to stand or sit and observe and assist in the safe & orderly operation of the prison as needed.

14. Defendant, OFFICER E. RICHARDSON, was also present in the vicinity.

15. Officer Mascatelli, who was also present, then instructed Plaintiff to walk out of the infirmary and to remain silent.

16. Plaintiff proceeded to walk towards the infirmary exit for the purpose of leaving the infirmary.

17. Defendant, OFFICER H. WALKER, failed to perform a ministerial function – to stand or sit at his post and observe and assist in the safe & orderly operation of the prison as needed.

18. Rather than perform a ministerial function – to stand or sit at his post and observe and assist in the safe & orderly operation of the prison as needed – Defendant, OFFICER H. WALKER, locked the infirmary exit door thereby denying Plaintiff egress.

19. Defendant, OFFICER H. WALKER, next performed acts upon Plaintiff's person – punching, throwing him down, then kicking him and stomping his head into the pavement repeatedly.

20. Defendant, OFFICER E. RICHARDSON, next performed acts upon Plaintiff's person – punching, throwing him down, then kicking him and stomping his head repeatedly.

21. The force used by Defendants, OFFICER H. WALKER and OFFICER E. RICHARDSON, was excessive.
22. Defendant, OFFICER H. WALKER, performed acts involving the use of force maliciously and sadistically to cause harm.
23. Defendant, OFFICER E. RICHARDSON, performed acts involving the use of force maliciously and sadistically to cause harm.
24. As a direct and proximate result of the acts of Defendants, OFFICERS H. WALKER and E. RICHARDSON, as aforesaid, Plaintiff, ROY LAMONT CARTER, suffered injuries, some of which are permanent, scarring, pain and suffering/emotional distress/mental anguish and required medical treatment and incurred medical expense.

WHEREFORE, Plaintiff, ROY LAMONT CARTER, requests judgment against Defendants, OFFICERS H. WALKER and E. RICHARDSON, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

## COUNT II

## NJ TORT CLAIMS ACT CLAIM FOR NEGLIGENCE AGAINST PUBLIC ENTITY DEFENDANT AND PUBLIC EMPLOYEE DEFENDANTS

25. Plaintiff, ROY LAMONT CARTER, repeats the allegations of the First Count, and incorporates the same by reference as if fully set forth at length herein.
26. A timely notice of tort claim was served on the STATE OF NEW JERSEY.

27. Defendant, OFFICER H. WALKER, had a duty to Plaintiff to perform his ministerial functions with reasonable care.

28. Defendants, OFFICER H. WALKER – by locking the infirmary exit door and thereby denying Plaintiff egress - failed to perform his ministerial function with reasonable care.

29. The acts of Defendant, OFFICER H. WALKER, with regard to his ministerial functions, as aforesaid, were negligence on his part.

30. Defendant, NJ DEPARTMENT OF CORRECTIONS, would be liable for the negligence of its employee, Defendant OFFICER H. WALKER, under principles of *respondeat superior.*

31. As a direct and proximate result of the acts of Defendant, OFFICER H. WALKER, as aforesaid, Plaintiff, ROY LAMONT CARTER, suffered injuries, some of which are permanent within the meaning of the Tort Claims Act verbal threshold, scarring, some of which is permanent within the meaning of the Tort Claims Act verbal threshold, pain and suffering/emotional distress/mental anguish and required medical treatment and incurred medical expense, including the equivalent medical expense dollar amount to satisfy the Tort Claims Act monetary threshold.

WHEREFORE, Plaintiff, ROY LAMONT CARTER, requests judgment against Defendants, OFFICER H. WALKER and NJ DEPARTMENT OF CORRECTIONS, for compensatory damages, interest and costs of suit.

## COUNT III

## 42 U.S.C. SECTION 1983 AND NJCRA CLAIM FOR DENIAL OF A RIGHT AGAINST FICTITIOUS INDIVIDUAL DEFENDANTS ACTING IN THEIR INDIVIDUAL CAPACITIES

32. Plaintiff, ROY LAMONT CARTER, repeats the allegations of the First - Second Counts, and incorporates the same by reference as if fully set forth at length herein.

33. Defendants, JOHN/JANE DOES 1-10, are fictitious individual defendants, whose true identity cannot be presently ascertained.

34. Defendants, JOHN/JANE DOES 1-10, violated Plaintiff's right under the federal and state constitutions by way of an act under color of state law.

35. As a direct and proximate result of the acts of Defendants, JOHN/JANE DOES 1-10, Plaintiff, ROY LAMONT CARTER, suffered injuries, scarring, some of which are permanent, pain and suffering/emotional distress/mental anguish, caused when Defendants, JOHN/JANE DOES 1-10, denied/delayed him/interfered with/encroached upon/retaliated for his right.

WHEREFORE, Plaintiff, ROY LAMONT CARTER, requests judgment against Defendants, JOHN/JANE DOES 1-10, for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs of suit.

JURY DEMAND

Plaintiff, ROY LAMONT CARTER, demands a trial by jury of all issues which are triable by a jury.

DESIGNATION OF TRIAL COUNSEL

Peter Kober, Esq. is designated as trial counsel for Plaintiff, ROY LAMONT CARTER, in this action.

KOBER LAW FIRM, LLC

BY: s/ Peter Kober
Peter Kober, Esq.

DATED: May 18, 2026

## CERTIFICATION OF NO OTHER ACTIONS

The matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in this action. I recognize the continuing obligation of each party to file and serve on all other parties and the court an amended certification if there is a change to the facts of this certification.

KOBER LAW FIRM, LLC

BY: s/ Peter Kober
Peter Kober, Esq.

DATED: May 18, 2026